CONSTANTINE A. DESPOTAKIS, ESQ. (CD 4944)
WILSON, MOSKOWITZ, EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, New York 10604
Tel: (914) 323-7000
Attorneys for Defendant Hudson Valley Bank, N.A.
(a national banking association)

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

MARC A. RAPAPORT,

              Plaintiff,                      08 CV 5403 (PKC)

      -against-                         ANSWER,
                                          AFFIRMATIVE DEFENSES
HUDSON VALLEY BANK, N.A.,           AND COUNTERCLAIMS

              Defendant.

------------------------------------------------------------------------x

Defendant, Hudson Valley Bank, N.A., a national banking association, (hereinafter "Hudson

Valley"), by its undersigned attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, in

response to the plaintiff's complaint and as and for its  affirmative defenses and counterclaims

answers, states and alleges as follows:

      1.     Denies the allegations contained in paragraph 1 of the complaint, and further states

respectfully that this Court is without jurisdiction in this matter.

      2.     Denies the allegations contained in paragraph 2 of the complaint and further denies

the allegations contained in paragraphs 2(a), 2(b), 2(c), 2(d), 2(e), 2(f), 2(g) and 2(h) of the

complaint, and further states that plaintiff is properly liable to Hudson Valley, and responsible for

payment to Hudson Valley of the resulting overdraft, in respect of  the subject ACH Transactions.

3.      Denies the allegations contained in paragraph 3 of the complaint, except admits solely that the subject ACH Transactions effected transfers of certain funds from plaintiff's law firm business commercial checking account (hereinafter the "Account") and that such business purpose transfers were processed and finalized through the Automated Clearinghouse that exists to provide such services to its various member financial institutions of which Hudson Valley is one.

4.      Denies the allegations contained in paragraph 4 of the complaint, except admits solely that Hudson Valley paid the various ACH Transactions effected on the Account totaling $19,000, and which transactions resulted in an overdraft to the Account.

5.      Denies the allegations contained in paragraph 5 of the complaint, except admits solely that plaintiff after the fact alleged to Hudson Valley that the subject ACH Transactions were fraudulent and to demand reimbursement from Hudson Valley.

6.      Denies the allegations contained in paragraph 6 of the complaint.

7.      Denies the allegations contained in paragraph 7 of the complaint.

8.      Denies the allegations contained in paragraph 8 of the complaint.

9.      Denies the allegations contained in paragraph 9 of the complaint, except admits solely that plaintiff after the fact demanded reimbursement from Hudson Valley.

10.      Denies the allegations contained in paragraph 10 of the complaint.

11.      Denies the allegations contained in paragraph 11 of the complaint, further states that the Account is not subject to 15 U.S.C. 1693 *et seq,* and Regulation E, and further admits solely that Hudson Valley holds plaintiff properly liable to Hudson Valley, and responsible for payment to Hudson Valley of the resulting overdraft, in respect of the subject ACH Transactions.

12.     Denies the allegations contained in paragraph 12 of the complaint, except admits solely that the subject ACH Transactions totaled $19,100.

13.     Denies the allegations contained in paragraph 13 of the complaint, and further states respectfully that this Court is without jurisdiction in this matter.

14.     Admits the venue allegations contained in paragraph 14 of the complaint, but without waiver of Hudson Valley's stated position that this Court lacks federal subject matter jurisdiction.

15.     Upon information and belief, admits the allegations contained in paragraph 15 of the complaint.

16.     Denies the allegations contained in paragraph 16 of the complaint.

17.     Upon information and belief, denies the allegations contained in paragraph 17 of the complaint, and respectfully refers all questions of fact and law to this Court for determination.

18.     Admits the allegations contained in paragraph 18 of the complaint, except denies solely that Hudson Valley is a New York State corporation and further states that Hudson Valley is a federally chartered national bank organized and existing under the laws of the United States..

19.     Denies the allegations contained in paragraph 19 of the complaint, except admits solely that plaintiff maintained the Account at Hudson Valley's Woolworth Branch, as defined by plaintiff.

20.     Denies the allegations contained in paragraph 20 of the complaint.

21.     Upon information and belief, admits the allegations contained in paragraph 21 of the complaint.

22.    Denies the allegations contained in paragraph 22 of the complaint.

23.    Denies the allegations contained in paragraph 23 of the complaint.

24.    Denies the allegations contained in paragraph 24 of the complaint.

25.    Denies the allegations contained in paragraph 25 of the complaint.

26.    Denies the allegations contained in paragraph 26 of the complaint, and further states that plaintiff did in fact execute various documents and agreements to establish the Account with Hudson Valley.

27.    Admits the allegations contained in paragraph 27 of the complaint solely to the extent that plaintiff did in fact execute various documents and agreements to establish the ACH Transactions feature connected to the Account.

28.    Denies the allegations contained in paragraph 28 of the complaint.

29.    Denies the allegations contained in paragraph 29 of the complaint.

30.    Denies the allegations contained in paragraph 30 of the complaint.

31.    Denies the allegations contained in paragraph 31 of the complaint.

32.    Denies the allegations contained in paragraph 32 of the complaint.

33.    Denies the allegations contained in paragraph 33 of the complaint.

34.    Denies the allegations contained in paragraph 34 of the complaint.

35.    Denies the allegations contained in paragraph 35 of the complaint.

36.    Denies the allegations contained in paragraph 36 of the complaint, except admits solely that plaintiff closed his other, non-business (personal) account that he also maintained with Hudson Valley, and further states that plaintiff did so specifically because he was incurring service charges on that personal account which he no longer wished to pay.

37.    Admits the allegations contained in paragraph 37 of the complaint, and further states that Ms. Philips-Jablons' employment was terminated by Hudson Valley for reasons having no relation or connection to plaintiff.

38.    Denies the allegations contained in paragraph 38 of the complaint.

39.    Denies the allegations contained in paragraph 39 of the complaint.

40.    Denies the allegations contained in paragraph 40 of the complaint.

41.    Denies the allegations contained in paragraph 41 of the complaint.

42.    Denies the allegations contained in paragraph 42 of the complaint, and further states that all of the subject ACH Transactions were properly effected.

43.    Denies the allegations contained in paragraph 43 of the complaint, and further states that all of the subject ACH Transactions were properly effected and that plaintiff is properly liable therefor.

44.    Responds to the allegations contained in paragraph 44 of the complaint with the same force and effect as its answers set forth in paragraphs 1 through 43, inclusive, hereinabove and which answers are incorporated by reference with the same force and effect as though fully recited herein.

45.    Denies the allegations contained in paragraph 45 of the complaint, and respectfully refers all questions of fact and law to this Court for determination.

46.     Denies the allegations contained in paragraph 46 of the complaint.

47.     Denies the allegations contained in paragraph 47 of the complaint.

48.     Denies the allegations contained in paragraph 48 of the complaint, and further states that plaintiff is fully liable for the subject ACH Transactions and to reimburse Hudson Valley for the overdraft on the Account resulting therefrom.

49.     Denies the allegations contained in paragraph 49 of the complaint.

50.     Denies the allegations contained in paragraph 50 of the complaint.

51.     Denies the allegations contained in paragraph 51 of the complaint, except admits solely that Hudson Valley has demanded that plaintiff reimburse it accordingly and that proper Account charges have accrued upon the Account in accordance with Hudson Valley's applicable fee schedules, and for which plaintiff is likewise liable to pay to Hudson Valley.

52.     Denies the allegations contained in paragraph 52 of the complaint, and further states that 15 U.S.C. 1693 *et seq.* and Reg. E are not applicable to the Account.

53.     Responds to the allegations contained in paragraph 53 of the complaint with the same force and effect as its answers set forth in paragraphs 1 through 52, inclusive, hereinabove and which answers are incorporated by reference with the same force and effect as though fully recited herein.

54.     Denies the allegations contained in paragraph 5 4 of the complaint.

55.     Denies the allegations contained in paragraph 55 of the complaint.

56.     Denies the allegations contained in paragraph 56 of the complaint.

57.     Denies the allegations contained in paragraph 57 of the complaint.

2056563.1

58.    Denies the allegations contained in paragraph 58 of the complaint.

59.    Denies the allegations contained in paragraph 59 of the complaint.

60.    Denies the allegations contained in paragraph 60 of the complaint.

61.    Denies the allegations contained in paragraph 61 of the complaint.

62.    Denies the allegations contained in paragraph 62 of the complaint.

63.    Denies the allegations contained in paragraph 63 of the complaint.

64.    Responds to the allegations contained in paragraph 64 of the complaint with the same force and effect as their answers set forth in paragraphs 1 through 63, inclusive, hereinabove and which answers are incorporated by reference with the same force and effect as though fully recited herein.

65.    Denies the allegations contained in paragraph 65 of the complaint, and respectfully refers all questions of law and fact to this Court for determination.

66.    Denies the allegations contained in paragraph 66 of the complaint.

67.    Denies the allegations contained in paragraph 67 of the complaint.

68.    Denies the allegations contained in paragraph 68 of the complaint.

69.    Denies the allegations contained in paragraph 69 of the complaint.

70.    Denies the allegations contained in paragraph 70 of the complaint.

71.    Denies the allegations contained in paragraph 71 of the complaint.

72.    Denies the allegations contained in paragraph 72 of the complaint.

73.    Denies the allegations contained in paragraph 73 of the complaint.

74.    Denies the allegations contained in paragraph 74 of the complaint.

75.    Responds to the allegations contained in paragraph 75 of the complaint with the same force and effect as their answers set forth in paragraphs 1 through 74, inclusive, hereinabove and which answers are incorporated by reference with the same force and effect as though fully recited herein.

76.    Denies the allegations contained in paragraph 76 of the complaint.

77.    Denies the allegations contained in paragraph 77 of the complaint.

78.    Responds to the allegations contained in paragraph 78 of the complaint with the same force and effect as their answers set forth in paragraphs 1 through 77, inclusive, hereinabove and which answers are incorporated by reference with the same force and effect as though fully recited herein.

79.    Denies the allegations contained in paragraph 79 of the complaint.

80.    Denies the allegations contained in paragraph 80 of the complaint.

81.    Denies the allegations contained in paragraph 81 of the complaint.

82.    Denies the allegations contained in paragraph 82 of the complaint.

83.    Denies the allegations contained in paragraph 83 of the complaint.

84.    Denies the allegations contained in paragraph 84 of the complaint.

85.    Denies the allegations contained in paragraph 85 of the complaint.

86.     Responds to the allegations contained in paragraph 86 of the complaint with the same force and effect as their answers set forth in paragraphs 1 through 85, inclusive, hereinabove and which answers are incorporated by reference with the same force and effect as though fully recited herein.

87.     Denies the allegations contained in paragraph 87 of the complaint.

88.     Denies the allegations contained in paragraph 88 of the complaint.

89.     Denies the allegations contained in paragraph 89 of the complaint, except admits solely that Hudson Valley had certain communications with plaintiff and that it had investigated plaintiff's allegations of the allegedly unauthorized subject ACH Transactions.

90.     Admits the allegations contained in paragraph 90 of the complaint.

91.     Denies the allegations contained in paragraph 91 of the complaint.

92.     Responds to the allegations contained in paragraph 92 of the complaint with the same force and effect as their answers set forth in paragraphs 1 through 91, inclusive, hereinabove and which answers are incorporated by reference with the same force and effect as though fully recited herein.

93.     Denies the allegations contained in paragraph 93 of the complaint.

94.     Denies the allegations contained in paragraph 94 of the complaint, and further states that Hudson Valley properly charged certain fees to the Account in accordance with Hudson Valley's fee schedules.

95.     Denies the allegations contained in paragraph 95 of the complaint.

2056563.1

96.     Responds to the allegations contained in paragraph 96 of the complaint with the same force and effect as their answers set forth in paragraphs 1 through 95, inclusive, hereinabove and which answers are incorporated by reference with the same force and effect as though fully recited herein.

97.     Denies the allegations contained in paragraph 97 of the complaint and further denies the allegations contained in paragraphs 97(a), 97(b), 97(c), 97(d), 97(e), 97(f), 97(g), 97(h) and 97(i), of the complaint.

98.     Denies the allegations contained in paragraph 98 of the complaint.

99.     Responds to the allegations contained in paragraph 99 of the complaint with the same force and effect as their answers set forth in paragraphs 1 through 98, inclusive, hereinabove and which answers are incorporated by reference with the same force and effect as though fully recited herein.

100.    Denies the allegations contained in paragraph 100 of the complaint.

101.    Denies the allegations contained in paragraph 101 of the complaint.

102.    Denies the allegations contained in paragraph 102 of the complaint.

103.    Denies the allegations contained in paragraph 103 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

104.    Plaintiff fails to state any cognizable cause of action upon which relief may be granted as to any of the causes of action alleged in the complaint.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

105.    Upon information and belief, this Court lacks jurisdiction in this matter since plaintiff's Account is not governed by, or subject to, (i) the Electronic Fund Transfer Act (15 USC §1693 et seq.) and (ii) Reg. E.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

106.    Upon information and belief, this Court lacks jurisdiction in this matter since plaintiff's Account is not governed by, or subject to, the Fair Credit Reporting Act (15 USC § 1681 et seq.). Plaintiff's Account was a business account.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

107.    Upon information and belief, Hudson Valley has not adversely reported the subject Account to any credit reporting agency and hence plaintiff fails to state a cause of action pursuant to said statute and also fails to present a predicate for this Court's exercise of jurisdiction in this matter.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

108.    In light of this Court's lack of jurisdiction in this matter, all of the other pendent State law claims asserted in the complaint must be dismissed for lack of jurisdiction as well.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

109.    All of the subject ACH Transactions as defined in plaintiff's complaint were properly effected and debited to the subject Account.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

110.    All of the subject ACH Transactions as defined in plaintiff's complaint were properly effected and debited to the subject Account pursuant to the contractual authorization granted to Hudson Valley pursuant to the operative account agreements executed by plaintiff and the governing account rules of Hudson Valley in respect of the subject Account.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

111.    All of the ACH Transactions were properly effected in light of the fact that plaintiff's private and confidential on-line banking/ACH password was used to effect each and every  one of the subject ACH Transactions on the Account.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

112.    Pursuant to the agreements executed by plaintiff regarding the subject Account, plaintiff specifically rejected and waived at least two additional levels of security procedures offered by Hudson Valley regarding ACH Transactions.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

113.    Plaintiff  was specifically negligent in failing to properly safeguard, secrete and keep secure and confidential his assigned password for on-line banking/ACH Transactions and further, upon information and belief, both such confidential password information and plaintiff's Account agreements and documents were not safeguarded by plaintiff but, rather, kept open  and easily accessible in plaintiff's offices and otherwise.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

114.    Upon information and belief, Hudson Valley has not reported plaintiff's Account in any event to any credit reporting agency regarding the subject overdraft that was created by the ACH Transactions in question.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

115.    Upon information and belief, plaintiff had, in violation of the relevant agreements with Hudson Valley, freely given and disseminated what should have been a confidential and secure on-line banking/ACH password to (i) his spouse, and (ii) his office manager and (iii) to such other persons in his office or otherwise who would have been in a position to see and use that information.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

116.    As of July 2, 2008 the amount of the overdraft of plaintiffs subject business account was $11,096.09, inclusive of accrued fees and charges, in light of the fact that Hudson Valley was able to effect some recoupment and recoveries from the various recipient banks in connection with the subject ACH Transactions.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

117.    At all relevant times, Hudson Valley could in any event pay any ACH Transactions on plaintiff's Account even if such transactions created overdrafts and plaintiff is duly obligated to repay to Hudson Valley the amount of any such resulting overdrafts pursuant to the governing account agreements and Hudson Valley's rules and regulations, and otherwise as a matter of law.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

118.    At all relevant times, and pursuant to the governing account agreements and Hudson Valley's rules and regulations, and otherwise as a matter of law, plaintiff was required to make deposits to the subject Account in order to pay any ACH Transactions and to promptly cover any overdrafts.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

119.    Upon information and belief, any report or statements attributed to Hudson Valley regarding plaintiff's Account were truthful and accurate.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

120.    Upon information and belief, plaintiff (i) has not been damaged by reason of any act on the part of Hudson Valley, and (ii) Hudson Valley has not breached any legal duty to plaintiff but has acted properly in all respects.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

121.    Plaintiff's action is barred by his negligence.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

122.    Upon information and belief, plaintiff's action is barred by (i) the various governing Account agreements, inclusive of the applicable rules, with Hudson Valley regarding the subject Account, and (ii) the applicable provisions of Uniform Commercial Code (hereinafter "UCC") Article 4-A (McKinney's Consolidated Laws of New York), including without limitation UCC 4-A-201 and UCC 4-A-202.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

123.    Upon information and belief, plaintiff's action is barred by the principle of estoppel.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

124.    Upon information and belief, plaintiff's action is barred by the principle of waiver.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

125.    Plaintiff's Account, to the extent it may in fact have been reported by Hudson Valley due to the overdrafts resulting from the ACH Transactions, was properly reported based upon a continuing overdraft on the Account.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

126.    Upon information and belief, at all pertinent times, Hudson Valley acted properly and in accordance with the facts, Account agreements and rules and law as applicable to the Account.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

127.    Upon information and belief, plaintiff's alleged injuries were not proximately caused by any action on the part of Hudson Valley.

## AS AND FOR A  TWENTY-FIFTH AFFIRMATIVE DEFENSE

128.    Plaintiff is not entitled as a matter of law to recover either compensatory or punitive damages or counsel's fees in this matter.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

129.    By reason of the various governing Account agreements, inclusive of the applicable rules, with Hudson Valley regarding the subject Account and otherwise as a matter of law, plaintiff cannot recover any of the damages alleged and, furthermore, any damages, if any, are specifically limited.

## AS AND FOR A FIRST COUNTERCLAIM
### (CONTRACT)

130.    Plaintiff's subject Account as of July 2, 2008 is overdrawn in the amount of $11,096.09, inclusive of accrued fees and charges, and plaintiff, pursuant to the applicable Account agreement and rules constituting plaintiff's contract with Hudson Valley, is liable to pay to, and reimburse, Hudson Valley said amount, plus interest.

## AS AND FOR A SECOND COUNTERLCLAIM
### (MONEY HAD AND RECEIVED)

131.    Plaintiff's subject Account as of July 2, 2008 is overdrawn in the amount of $11,096.09, inclusive of accrued fees and charges, and plaintiff, by reason of money had and received, is liable to pay to, and reimburse, Hudson Valley said amount by reason of said overdraft, plus interest.

## AS AND FOR A THIRD COUNTERCLAIM
### (UNJUST ENRICHMENT)

132.    Plaintiff's subject Account as of July 2, 2008 is overdrawn in the amount of $11,096.09, inclusive of accrued fees and charges, and plaintiff, in order to prevent his unjust enrichment, is liable to pay to, and reimburse, Hudson Valley said amount by reason of said overdraft, plus interest.

### AS AND FOR A FOURTH COUNTERCLAIM
### (RESTITUTION)

133.    Plaintiff's subject Account as of July 2, 2008 is overdrawn in the amount of $11,096.09, inclusive of accrued fees and charges, and plaintiff should be obligated to make restitution and to pay to, and reimburse, Hudson Valley said amount by reason of said overdraft, plus interest.

### AS AND FOR A FIFTH COUNTERCLAIM
### (ACCOUNT STATED)

134.    Plaintiff's subject Account as of July 2, 2008 is overdrawn in the amount of $11,096.09, inclusive of accrued fees and charges, and plaintiff is liable to Hudson Valley for account stated for said amount by reason of said overdraft, plus interest.

### AS AND FOR A SIXTH COUNTERCLAIM
### (INDEMNIFICATION AND ATTORNEYS' FEES)

135.    Pursuant to the various governing Account agreements, inclusive of the applicable rules, with Hudson Valley regarding the subject Account, plaintiff is liable and obligated to indemnify and hold Hudson Valley harmless against any loss, liability and expense, including attorneys' fees and expenses in this matter, in such extent and amount as may be ultimately determined.

**WHEREFORE,** defendant Hudson Valley Bank, N.A. respectfully requests an Order of the Court dismissing the plaintiff's complaint, and granting Hudson Valley Bank, N.A. judgment against plaintiff on each of its FIRST, SECOND, THIRD, FOURTH AND FIFTH COUNTERCLAIMS, inclusive, in the sum of $11,096.09, plus interest, and judgment against plaintiff on the SIXTH COUNTERCLAIM for indemnification and award of attorneys' fees and expenses in such extent an amount as may be ultimately determined, together with such other and further relief as to this Court

may seem just and proper, including, without limitation, attorney's fees incurred by Hudson Valley

Bank, N.A. in the defense of the within action.

Dated: White Plains, NY
      July 24, 2008

                                      Yours etc,

                                        WILSON, ELSER, MOSKOWITZ,
                                          EDELMAN & DICKER LLP

                                  By
                                    Constantine A. Despotakis, Esq. (CD 4944)
                                    Attorneys for Defendant
                                    Hudson Valley Bank, N.A.
                                    (a national banking association)
                                    3 Gannett Drive
                                    White Plains, New York 10604
                                    Tel. (914) 323-7000
                                    Our File No. 06680.00005

To:    Marc A. Rapaport, Esq.
       Plaintiff *Pro Se*
       350 Fifth Avenue, Suite 4400
       New York, NY 10118

2056563.1

AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                                       ) ss.:

COUNTY OF WESTCHESTER   )

I, Geri Manno, being sworn, say:

I am not a party to the action, am over the age of 18 years of age and reside in Westchester County, New York. On July 24, 2008, I served the within **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** by depositing a true copy thereof enclosed in a postpaid wrapper, via First Class Mail and/or International Air Mail as the case may be, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Marc A. Rapaport, Esq.
Plaintiff *Pro Se*
350 Fifth Avenue, Suite 4400
New York, NY 10118

Geri Manno

Sworn to before me this
24th day of July, 2008

Notary Public

CONSTANTINE A. DESPOTAKIS
NOTARY PUBLIC, State of New York
No. 01DE4615111
Qualified in Westchester County
Commission Expires Dec. 31, 20_09_

CONSTANTINE A. DESPOTAKIS, ESQ. (CD 4944)
WILSON, MOSKOWITZ, EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, New York 10604
Tel: (914) 323-7000
Attorneys for Defendant Hudson Valley Bank, N.A.
(a national banking association)

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

MARC A. RAPAPORT,

                   Plaintiff,                            08 CV 5403 (PKC)

       -against-                                 RULE 7.1 STATEMENT

HUDSON VALLEY BANK, N.A.,

                   Defendant.

-----------------------------------------------------------------------x

      Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local General Rule 1.9] and to

enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or

recusal, the undersigned counsel for Defendant, Hudson Valley Bank, N.A., a national banking

association, certifies that (1) Hudson Valley Holding Corp. is a publicly held corporation; is the

parent corporation of Defendant; and as such owns 100% of Defendant's stock, and (2) by reason

of the foregoing, there are no other publicly held  corporations owning 10% or more of

Defendant's stock, and (3)  Hudson Valley Holding Corp. also owns various other corporate and

financial entities, none of which are publicly held but, rather also 100% owned by Hudson

Valley Holding Corp.

Dated: White Plains, NY
      July 24, 2008

                                    Constantine A. Despotakis, Esq. (CD-4944)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK      )
                                   ) ss.:

COUNTY OF WESTCHESTER   )

      I, GERI MANNO, being sworn, say:

      I am not a party to the action, am over the age of 18 years of age and reside in

Westchester County, State of New York.

      On July 24, 2008 I served RULE 7.1 STATEMENT by depositing true copies thereof in a postpaid wrapper, by First Class Mail, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

TO:

      Marc A. Rapaport, Esq.
      Plaintiff *Pro Se*
      350 Fifth Avenue, Suite 4400
      New York, New York 10118

                                    Geri Manno

Sworn to before me this
24th day of July, 2008

Notary Public

CONSTANTINE A. DESPOTAKIS
NOTARY PUBLIC, State of New York
No. 01DE4815111
Qualified in Westchester County
Commission Expires Dec. 31, 20_09_