UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
MARC A. RAPAPORT                                                  } Case No. 08 CV 5403 (PKC)
                                                                  }
                                    Plaintiff,                    }
                                                                  } ANSWER TO
          -against-                                               } COUNTERCLAIMS
                                                                  }
HUDSON VALLEY BANK, N.A.                                          }
                                    Defendant.                    }
---------------------------------------------------------------- X

    Plaintiff, Marc A. Rapaport, in response to Defendant's Counterclaims, and as and for his affirmative defenses, states and alleges as follows:

    1.    Denies the allegations of paragraph 130 (Defendant's "FIRST COUNTERCLAIM").

    2.    Denies the allegations of paragraph 131 (Defendant's "SECOND COUNTERCLAIM").

    3.    Denies the allegations of paragraph 132 (Defendant's "THIRD COUNTERCLAIM").

    4.    Denies the allegations of paragraph 133 (Defendant's "FOURTH COUNTERCLAIM").

    5.    Denies the allegations of paragraph 134 (Defendant's "FIFTH COUNTERCLAIM").

    6.    Denies the allegations of paragraph 135 (Defendant's "SIXTH COUNTERCLAIM").

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

    7.    Defendant fails to state any cognizable cause of action upon which relief may be granted as to any of the causes of action alleged in the Complaint.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

8. Defendant did not enact, implement and/or maintain adequate security procedures, as required under Federal Reserve Board Regulation J and/or Regulation E.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

9. Defendant did not enact, implement and/or maintain adequate security procedures, as required under the New York State Uniform Commercial Code, Article 4A.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

10. Defendant acted negligently, arbitrarily, recklessly and in violation of its contractual, statutory and fiduciary obligations to Plaintiff by making transfers to third parties of funds that were not in Plaintiff's account.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

11. Any alleged damages of Defendant are the result of Defendant's misconduct, negligence, and violation of applicable state and federal laws and regulations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

12. Defendant acted negligently, arbitrarily, recklessly and in violation of is contractual and/or fiduciary obligations in unilaterally ceasing its oversight of Plaintiff's financial accounts after the termination by the Defendant of its employee, Valerie Jablons, who had previously been responsible for Plaintiff's accounts.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

13. Defendant's transfer of Plaintiff's funds was without Plaintiff's authorization and/or permission, and was solely the result of Defendant's negligent, arbitrary, reckless and unlawful misconduct.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

14. Defendant's claims are barred by the doctrine of unclean hands.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

15. Defendant acted negligently, arbitrarily, recklessly and in violation of its obligations to Plaintiff by making transfers to third parties of funds that were not in Plaintiff's account.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

16. Defendant did not inform Plaintiff of available security procedures pertaining to funds transfers and/or ACH transfers, and Defendant did not enter into a valid and/or enforceable agreement with Plaintiff with respect to the subject account for outgoing ACH transactions and/or for the waiver of call back verification in connection with such transfers.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

17. Defendant violated the duty of good faith and fair dealing.

**WHEREFORE**, Plaintiff Marc A. Rapaport respectfully requests an Order of the Court dismissing the Defendant's Counterclaims, and granting Plaintiff judgment against Defendant as demanded in the Complaint, together with interest, costs and attorney's fees, and together with such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
August 27, 2008

Yours etc.,

MARC A. RAPAPORT (5775)
Plaintiff *Pro Se.*
350 Fifth Avenue
Suite 4400
New York, NY 10118
(212) 382-1600

To:    Constantine A. Despotakis, Esq. (CD 4944)
       Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
       Attorneys for Defendant
       Hudson Valley Bank, N.A.
       (a national banking association)
       3 Gannett Drive
       White Plains, NY 10604
       Ph: (212) 323-7000